UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.M.R.,<br><br>   Petitioner,<br><br> v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>   Respondents. | No. 1:25-cv-01517-JLT-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DENY MOTION TO STAY PROCEEDINGS**<br><br>**[21-DAY OBJECTION DEADLINE]** |

  Petitioner is an immigration detainee proceeding with counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has filed a petition for writ of habeas corpus challenging his detention by the United States Department of Homeland Security ("DHS").

  On November 24, 2025, the Court issued a preliminary injunction in part and referred the matter to the undersigned for further proceedings. (Doc. 18.) Respondent was granted thirty (30) days to file a response, and Petitioner was granted thirty (30) days thereafter in the event Respondent filed a responsive brief. (Doc. 18.) On December 22, 2025, Respondent filed an opposition to the petition with a request to hold the petition in abeyance. (Doc. 20.) On January 20, 2026, Petitioner filed a reply. (Doc. 21.)

  Respondents request that these proceedings be held in abeyance pending the outcome of the appeal in Rodriguez Vazquez v. Bostock, 779 F. Supp. 3d 1239 (W.D. Wash. 2025). (Doc. 20 at 8.) They assert that the appeal raises the same issue regarding the application of § 1225 versus

1  § 1226 and is set for oral argument on an expedited basis in February 2026. Respondents contend

2  the appeal will likely be dispositive of the issues presented in the instant petition. In his reply,

3  Petitioner opposes a stay of proceedings, arguing Bostock is not determinative of the issues in this

4  case, a stay would be indefinite, and there is independent jurisprudence governing the issues

5  presented.

6      Upon review of the pleadings, the Court agrees that a stay is inappropriate in this case, as

7  the appeal is not likely to decide the issues presented in the petition.  Petitioner concedes the

8  statutory analysis in Bostock is relevant to the statutory issues, however, the facts and the

9  constitutional claim are distinct. In Bostock, the class of noncitizens at issue are:

10      Bond Denial Class: All noncitizens detained at the Northwest ICE Processing
    Center who (1) have entered or will enter the United States without inspection, (2)
11      are not apprehended upon arrival, and (3) are not or will not be subject to detention
    under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is
12      scheduled for or requests a bond hearing.

13      Bond Appeal Class: All detained noncitizens who have a pending appeal, or will
    file an appeal, of an immigration judge's bond hearing ruling to the Board of
14      Immigration Appeals.

15  Rodriguez v. Bostock, 349 F.R.D. 333, 348 (W.D. Wash. 2025).

16      Petitioner does not belong to the above class because she was apprehended and released

17  upon arrival.  In addition, Petitioner is correct that the Court has ruled on this issue on numerous

18  occasions and there is ample case law available. Moreover, a stay of proceedings would likely be

19  lengthy and indefinite.

20                             **RECOMMENDATION**

21      Accordingly, the Court recommends Respondent's motion for stay of proceedings be

22  DENIED, and the Court should proceed to rule on the merits of the claims.

23      This Findings and Recommendation is submitted to the United States District Court Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the

25  Local Rules of Practice for the United States District Court, Eastern District of California.  Within

26  twenty-one (21) days after being served with a copy of this Findings and Recommendation, a

27  party may file written objections with the Court and serve a copy on all parties. Id. The document

28  should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall

1 | not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not
2 | consider exhibits attached to the Objections. To the extent a party wishes to refer to any
3 | exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page
4 | number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in
5 | excess of the fifteen (15) page limitation may be disregarded by the District Judge when
6 | reviewing these Findings and Recommendations pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
7 | parties are advised that failure to file objections within the specified time may result in the waiver
8 | of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014).  This
9 | recommendation is not an order that is immediately appealable to the Ninth Circuit Court of
10 | Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure,
11 | should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated:   **January 21, 2026**                    /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE